IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDREW THOMAS RODGERS,<br>Petitioner.<br>       v.<br>HARRY E. WILSON, et. al.<br>   Defendant. | CIVIL ACTION<br>No. 06-3939 |
|---|---|

## MEMORANDUM AND ORDER

On September 5, 2006, petitioner filed the above-captioned petition in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254. Petitioner has filed a previous petition in this court pursuant to 28 U.S.C. §2254, labeled 00-cv-2257, which attacked the same conviction and/or sentence, and which was dismissed with prejudice. In such circumstances, the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§2241- 2266, provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition. Stewart v. Martinez-Villaeral, 523 U.S. 637 (1998); Felker v. Turpin, 518 U.S. 651 (1996); Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).

Accordingly, it is hereby **ORDERED** as follows:

1. Leave is granted Petitioner to proceed in forma pauperis in this matter *for the purpose of this Order only*.

2. This civil action is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

3. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

　　　　　　　　　　　　　　　　　　　　　　　s/ MARVIN KATz
　　　　　　　　　　　　　　　　　　　　　　　**MARVIN KATZ, U.S. District Court Judge**